Loeingi, J.,
delivered the opinion of the court:
In this case a. motion was made at the trial, on the part of the defendants, that the deposition of Charles André, a witness for the. petitioner, be stricken from the record, on the *396 ground that he was a surety for the petitioner on the bond given by him for the due performance of the contract sued upon ; and it was contended for the petitioner that the witness Audré was not interested in the claim sued, and therefore was not within the Act June 25,1868, and that he was not interested in the event of the suit, because the judgment in it could give him no pecuniary gain nor inflict on him any pecuniary loss.
The words of exclusion in the statute are that no “person interested in any such title, claim, or right shall he a competent ivitness in the Ootort of Claims in supporting any such title, claim, or right.” The intent here would seem to be to exclude a witness who is interested in supporting such claim, and its words certainly would not exclude, a deponent testifying against the claim, however direct and manifest his interest might be so to testify. And it might be questionable whether the intent might not so control the construction of the words as to make them exclude a witness interested, not in the claim, but in its support. But, at all events, the statute was not intended to relax the general rules of law in the exercise of those against the United States whose protection is the purpose of the statute. Now, the deponent, André, as surety on the bond, has an existing and definite liability on that, according to its terms, if there has been any failure on the part of the petitioner in the performance of the contract, and the record shows that the defendants have filed in the case a counter-claim on the petitioner for damages for his non-performance of the contract, so that the liability of André is involved in the litigation and presented in it, though the judgment would not directly bind him. And if the claim of the petitioner is supported, André will be discharged of that liability, and we think that such an interest is a disqualifying interest within the rules of the textbooks. Mr. Phillips (chap. 4, § 4, p. 107) says: “It appears to be established by the class of cases last cited that when a witness produced for the plaintiff is so connected with the transaction that a verdict for the plaintiff would entirely relieve him from all liability, he will be incompetent, as being directly interested in the event of the cause.” We think this citation describes the position of the deponent, André, and on its reasons and authority we rule that his deposition be stricken from the record.