Bicilardson, J.,
delivered the opinion of tbe court:
Tbe claimant corporation sold and conveyed to tbe defendants, for tbe sum of $267,000, certain lands and buildings thereon in Baltimore, Md., for a post-office and custom-house, and entered into a written contract to make alteration in tbe buildings and certain repairs, according to specifications agreed upon, for tbe sum óf $60,000.
No controversy arose as to tbe fulfillment of tbe contract. All tbe work was done to tbe satisfaction of tbe defendants, and they paid tbe full contract price for it.
Tbe claimant corporation made certain additional alterations and repairs not specified in tbe contract, as tbe defendants admit.
Tbe differences between tbe parties which have led to tbe institution of this action relate wholly to tbe amount of compensation which tbe claimant corporation became entitled to for sucb extra work.
At tbe trial tbe claimant’s counsel offered as evidence tbe deposition of one Neilson, to which tbe counsel for tbe defendants objected on tbe ground that Neilson was a surety on tbe bond given by tbe claimant corporation for tbe faithful performance of tbe written contract, and because be is a creditor of tbe corporation, and so is interested in tbe event of this action.
A surety on tbe bond of a contractor for tbe faithful performance of the agreements made by bis principal would be interested, and therefore incompetent to testify, according to tbe provisions of Bevised Statutes, § 1077, in an action wherein tbe defendants allege a breach of tbe contract on tbe part of tbe claimant, and set up a counter-claim for damages on account ot it. In sucb case the judgment of tbe court might materially *274 affect the claimant pecuniarily, and be would bave an interest in tbe event of tbe suit. This court so held in the case of Albert Wood v. The United States (10 C. Cls. R., 395). But tbat is not tbe present case. The defendants bave never claimed a breach of tbe contract on tbe part of tbe corporation, and bave set up no counter-claim. On tbe contrary, tbe findings show tbat tbe contract bas been faithfully performed to tbe satisfaction of the defendants, and tbat they bave paid tbe full contract price. Tbe bond bas ceased to bave any force. It bas beén satisfied and is as effectually extinguished as though it bad been "¡surrendered and canceled by agreement of tbe parties. Sublato fundamento cadat et opus. Besides, this action is not brought upon tbe contract, but is for extra work done and performed outside of tbe contract. This objection is therefore not tenable.
The other objection, founded on tbe fact tbat tbe witness is a creditor of tbe claimant corporation, is equally untenable. A creditor of one of tbe parties to a suit, whether tbat party be a corporation or an individual, bas no legal, certain, and immediate interest in tbe event of tbe suit, and by tbe strict rules of tbe common law, now everywhere much relaxed by statute except for this court, bas never been excluded as a witness in favor of bis debtor on that account. (Paul v. Brown, 6 Esp., 34; Nowell v. Davies, 5 B. & Ad., 368.)
Tbe deposition of tbe surety was properly admitted in evidence, notwithstanding tbe objection.
On tbe merits of tbe case tbe facts are these. Tbe contract contains, among other stipulations, tbe following provisions:
“The whole of tbe above work to be done in a faithful and workmanlike manner, to tbe entire satisfaction of tbe superintendent appointed by tbe President to inspect tbe work; and if, during its progress, said superintendent shall require any alterations, be shall bave the power to make them in tbe several parts, provided, always, tbat be shall, beforehand, fix upon and agree to tbe amount of payments to be made for additional work, or subtract it in tbe event of diminution, and such amount, as estimated by him, shall be final in tbe premises.”
During tbe progress of tbe work tbe defendants required certain specified alterations in addition to those set forth in tbe contract, and tbe superintendent, who was tbe defendants’ officer, made an estimate of tbe cost, to which tbe claimant corporation objected and never agreed. On tbe contrary, tbe *275 claimant proposed to supply the bills of expense to show the actual cost of the work, and upon that understanding the extra work was done. The actual cost proved to be $7,756.93 more than the estimate. The defendants paid the amount of the estimate, and the claimant now seeks to recover the balance of the actual cost.
It was the duty of the superintendent not only to make an estimate, but “ to fix and agree to the amount of payments to ■be made for additional work.” The claimant was not to do the work until an agreement had been entered into, and that required the concurrence of both parties. When the superintend•ent made his estimate and presented it to the claimant, that was an offer on the part of the defendants. The claimant rejected it and made a different proposition for compensation, to wit, the actual cost of the work to be determined by the bills, of expense. To this it does not appear that the superintendent made any objection, and it seems that the work was done upon that understanding. In our opinion, the defendants became liable to pay the actual cost of the work, and that they cannot discharge their liability by paying the amount of the underestimate made by their superintendent, to which the claimant did not agree, but which it expressly rejected.
There is another claim for $2,604.71 for other extra work done by the claimants, without authority from the defendants, but on its own responsibility, relying upon a subsequent appropriation by Congress for reimbursement. . This created no legal' liability on the part of the defendants. Congress alone can furnish a remedy. (Bradley’s Case, 13 C. Cls. R., 166, affirmed on appeal; 96 U. S., 104.) There are cases in which the United States may be held liable for property taken or received and retained by their officers for the clear and undoubted use and benefit of the government under such circumstances as to give rise to an implied contract to pay for them. But this is not one of those cases. Here the work and materials were voluntarily furnished with a full knowledge that payment was to depend upon the action of Congress. They were intermingled with the work and materials which the defendants did order and pay for, and they cannot be separated and returned. Although they niay have embellished and improved the property, it is not for this court to determine, under the circumstances, that they were, in fact, of use and benefit to the United States. That *276 was left for tbe consideration of Congress, according to tbe understanding upon Vbicb tbe work was done.
Tbe claimant corporation admits a set-off to. tbe extent of $1,786,75 on account of overpayments and errrors in former settlements, and tbis will be deducted from tbe claim of $7,756.93 proved against tbe defendants, and judgment will be entered for the claimant for tbe balance, $5,970.18.